74 F.3d 1250
 17 O.S.H. Cas. (BNA) 1468, 1996 O.S.H.D. (CCH)
P 30,954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SOUTHWEST REFRACTORY, INC., Petitioner,
v.
SECRETARY OF LABOR and Occupational Safety & Health Review
Commission, Respondents.
 No. 94-9514.
(OSHRC No. 92-2345)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,* District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Southwest Refractory, Inc. seeks review of an order of the Occupational Safety and Health Review Commission (Commission) finding that Southwest had committed a serious violation of a safety standard promulgated by the Secretary of Labor and assessing a $3,000 penalty. Southwest argues that the order must be set aside because (1) there is not substantial evidence to support the decision; (2) the ALJ improperly assessed a penalty without considering all necessary factors; and (3) its due process rights were violated when a decision was rendered by an ALJ who did not conduct the administrative hearing. For the reasons expressed below, we affirm.
 
 
 4
 Southwest's employee, John Fellows, was killed in an accident at Southwest's Sapulpa, Oklahoma, plant. At the time, Mr. Fellows was assisting employees of Mobile Crane Services, Inc., who had been hired by Southwest to lift pipes with a crane. Southwest reported the accident to the Occupational Safety and Health Administration (OSHA). Jorgell Henry, a safety compliance specialist with OSHA, inspected the site and interviewed employees of Southwest and Mobile Crane. Thereafter, the Secretary issued a citation charging Southwest with a serious violation[2] of the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. 651-678, and proposing a $5,000 penalty. The citation stated that Southwest had violated 29 C.F.R.1910.184(c)(9) by failing to keep an employee clear of a load suspended or about to be lifted by a sling. Because Southwest contested the citation and proposed penalty, Administrative Law Judge E. Carter Botkin conducted an administrative hearing. After ALJ Botkin's death, ALJ Richard DeBenedetto issued a decision against Southwest and imposed a $3,000 penalty. The decision became a final order of the Commission after the Commission denied discretionary review. See 29 U.S.C. 661(j); Capital Elec. Line Builders of Kan., Inc. v. Marshall, 678 F.2d 128, 129 (10th Cir.1982). This petition for review followed. See 29 U.S.C. 660(a).
 
 
 5
 The ALJ's findings of fact are conclusive if they are supported by substantial evidence in the record considered as a whole. Austin Bldg. Co. v. Occupational Safety & Health Review Comm'n, 647 F.2d 1063, 1066 (10th Cir.1981). In addition to reviewing for substantial evidence, this court can set aside an agency decision which is arbitrary, capricious, an abuse of discretion, or not in accordance with law. Id. (citing 5 U.S.C. 706(2)(A)).
 
 
 6
 Southwest argues that the Secretary failed to show by substantial evidence that it created or controlled the hazard causing the accident. Southwest maintains that the site of the accident was a multi-employer work site and that any of its employees assisting Mobile Crane were under the supervision and control of the professional crane operator and rigger.[3] We disagree.
 
 
 7
 The evidence presented at the hearing did establish that Southwest had hired Mobile Crane as an independent contractor to hoist the loads and that Mobile Crane's rigger was in charge of the lifting operations at the time of the accident. Southwest, however, had a work rule and trained its employees to "stay clear" of lifted loads. R. vol. 2 at 62-63. At all times, Mr. Fellows was an employee and under the supervisory control of Southwest. Cf. Baroid Div. of NL Indus., Inc. v. Occupational Safety & Health Review Comm'n, 660 F.2d 439, 444-45 (10th Cir.1981). Southwest "had the primary responsibility for the safety of its own employees." Dun-Par Engineered Form Co. v. Marshall, 676 F.2d 1333, 1336 (10th Cir.1982). Southwest was aware of its responsibilities, because Jack Sligar, Jr., Southwest's shop and job superintendent, had "gotten on [Fellows'] case" for violating a safety rule. R. vol. 2 at 75.
 
 
 8
 The Secretary's decision to cite Mobile Crane for the same accident is not inconsistent with the conclusion that Southwest controlled its own employees. Both Mobile Crane and Southwest shared the responsibility for insuring persons stayed clear of the load.
 
 
 9
 Southwest argues that the ALJ erred in determining it did not have an effective safety program. According to Southwest, the Secretary did not cite Southwest for having an inadequate safety program and failed to show that Southwest's program was inadequate. Therefore, Southwest contends Mr. Fellows' conduct was unpreventable misconduct.
 
 
 10
 "Evidence that the employer effectively communicated and enforced safety policies to protect against the hazard permits an inference that the employer justifiably relied on its employees to comply with the applicable safety rules and that violations of these safety policies were not foreseeable or preventable." Austin Bldg., 647 F.2d at 1068 (emphasis added). No inference is permitted in this case.
 
 
 11
 The evidence indicates that Southwest knew or should have known that employees tended to get close to hoisted loads. Mr. Sligar testified that employees have gotten too close and have been reminded to get away. He further testified that he had reprimanded Mr. Fellows on the day of the accident for pushing boards under a pipe sitting on a plate on the ground. Despite the reminders, nothing in the record indicates that Southwest's rule requiring employees to stay clear of hoisted loads was effectively enforced. There was no evidence that Southwest had ever disciplined an employee for violating the rule. Based on the entire record, we conclude there is substantial evidence to support the ALJ's decision to uphold the Secretary's citation.
 
 
 12
 Next, Southwest argues that the Secretary failed to present evidence of the factors to be considered in determining whether to grant a penalty, and the ALJ should not have assessed a penalty without considering all factors. The Act provides that
 
 
 13
 The Commission shall have authority to assess all civil penalties provided in this section, giving due consideration to the appropriateness of the penalty with respect to the size of the business of the employer being charged, the gravity of the violation, the good faith of the employer, and the history of previous violations.
 
 
 14
 29 U.S.C. 666(j).
 
 
 15
 Although the statute sets forth four factors, it does not mandate consideration of each of these factors or indicate what weight to give each factor. Rather, they are to be given "due consideration." In this case, the ALJ imposed a $3,000 penalty, after stating he had considered all of the factors, even though a $7,000 penalty was permitted for a serious violation (and the Secretary had proposed a $5,000 penalty). See 29 U.S.C. 666(b). Under the severe circumstances of this case and because the penalty is within the limits set by the statute, we conclude the ALJ did not abuse his discretion in imposing a $3,000 penalty. See Martin v. Occupational Safety & Health Review Comm'n, 941 F.2d 1051, 1059 (10th Cir.1991); see also Bethlehem Steel Corp. v. Occupational Safety & Health Review Comm'n, 540 F.2d 157, 161 n. 10 (3d Cir.1976) (recognizing Congress placed limits on discretion through gradations of penalties for nonserious, serious, and willful violations).
 
 
 16
 Southwest finally argues that it was denied due process because the deciding ALJ was not the hearing ALJ. We conclude this argument is without merit. Southwest's assertion that it was entitled to a fair and impartial hearing is conclusory. Moreover, nothing in the record indicates that it did not receive a fair and impartial hearing or that all relevant facts were not elicited. See 29 C.F.R. 2200.67.
 
 
 17
 Accordingly, the Commission's order is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 A serious violation occurs when there is a substantial probability of death or serious physical injury which could result from a cited condition unless the employer did not or could not reasonably know of the presence of the violation. 29 U.S.C. 666(k)
 
 
 [3]
 The rigger insures that the lifting devices are properly attached to the load to be lifted